UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BRION MCCONNELL, #128980,

                Petitioner,

                                CASE NO. 2:13-CV-12128
v.                                HONORABLE ARTHUR J. TARNOW

CINDI CURTIN,

                Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

**I.**    **Introduction**

       This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan prisoner

Brion McConnell ("Petitioner") pleaded no contest to second-degree murder, two counts

of armed robbery, and possession of a firearm during the commission of a felony ("felony

firearm") in the Wayne County Circuit Court.  He was sentenced to concurrent terms of

18 to 28 years imprisonment on the murder and assault convictions and a consecutive

term of two years imprisonment on the felony firearm conviction in 2007.

       In his pro se pleadings, Petitioner raises claims concerning the trial court's denial

of his post-sentencing plea withdrawal motion and the lack of an evidentiary hearing as to

trial counsel's effectiveness, the trial court's involvement in plea discussions/coercion, a

breakdown in the attorney-client relationship with a lack of trial court inquiry, the

voluntariness of his plea, the illusory nature of his plea, the effectiveness of trial counsel

prior to the plea (failure to seek suppression of identification, failure to seek suppression

of confession based upon warrantless arrest, failure to request an identification expert),

and the effectiveness of trial and appellate counsel as cause to excuse procedural default.

For the reasons that follow, the Court denies the habeas petition.  The Court also denies a

certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II.   Facts and Procedural History

Petitioner's convictions arise from his participation in a short, but deadly, crime

spree which targeted several motorists on the west side of Detroit during the early

morning hours of April 28, 2006.  During the crime spree, off-duty police officer Charles

Phipps was shot nine times and killed, John Feazell was carjacked and robbed, Dewayne

Smith was robbed, and Marie Leinonen was assaulted and robbed.  Petitioner was

subsequently arrested and interrogated.  During police questioning, he made incriminating

statements and drew sketches about the incident for the police.

Petitioner was initially charged with first-degree murder, felony murder, assault

with intent to rob while armed, three counts of armed robbery, assault with intent to

commit murder, and felony firearm.  The prosecutor offered Petitioner a plea bargain that

included sentences of 25 to 45 years imprisonment for second degree murder, assault with

intent to rob while armed and three counts of armed robbery, plus two years

imprisonment for a felony firearm count, which Petitioner declined.  The prosecutor countered with a plea bargain that included a sentence of 18 to 24 years imprisonment on the same counts plus two years imprisonment for felony firearm, which Petitioner also declined.  The trial court then held a hearing on defense counsel's motion to suppress Petitioner's police statement.  The court found that the statement was admissible and denied the motion.  On February 8, 2007, the day set for trial, Petitioner pleaded no contest to second-degree murder, two counts of armed robbery, and felony firearm in exchange for dismissal of the other charges, dismissal of a sentencing enhancement, and a sentencing agreement for concurrent terms of 18 to 28 years imprisonment and a consecutive term of two years imprisonment.

During the plea hearing, Petitioner acknowledged that he understood the terms of the plea bargain, that he had not been threatened or coerced, that he was pleading no contest of his own free will, and that he understood the rights he was foregoing by accepting the plea bargain.  Petitioner also acknowledged his acceptance of "special considerations" that were part of the written agreement and sealed in an envelope to be included in the state court file.  Those special considerations were that Petitioner would testify fully and truthfully in his co-defendants' criminal proceedings or be subject to prosecution on all charges arising from the crime, as well as charges of perjury and

obstruction of justice.[1]  The preliminary examination transcript, which included

Petitioner's police statement (and sketches), was accepted as the factual basis for the plea.

On March 20, 2007, the trial court conducted a sentencing hearing and imposed the

agreed-upon sentences.

Following his convictions and sentencing, Petitioner filed a motion to withdraw his

plea with the trial court, which was denied.  Petitioner filed a delayed application for

leave to appeal with the Michigan Court of Appeals raising his first habeas claim

concerning the trial court's denial of his post-sentencing motion to withdraw his plea and

the lack of a hearing on trial counsel's effectiveness.  The Michigan Court of Appeals

denied the application for "lack of merit in the grounds presented."  *People v. McConnell*,

No. 284617 (Mich. Ct. App. July 9, 2008) (unpublished).  Petitioner filed an application

for leave to appeal with the Michigan Supreme Court, which was denied in a standard

order.  *People v. McConnell*, 484 Mich. 863, 769 N.W.2d 683 (2009).

Petitioner subsequently filed a motion for relief from judgment with the state trial

court raising his second through eighth habeas claims concerning the trial court's

involvement in the plea, the breakdown in the attorney-client relationship, the

---

[1]The "special considerations agreement" is currently not part of the state court
record in this case, but it was read into the record when Petitioner testified at co-
defendant David Currie's trial, *see* Currie 3/21/07 Trial Tr., pp. 150-52, and is part of the
state court record submitted in Currie's habeas case.  *See Currie v. Rapelje*, E.D. Mich.
No. 2:13-CV-10252, Dkt. #8-2 (stayed and administratively closed case).

voluntariness and illusory nature of his plea, the effectiveness of trial counsel before the plea, and the effectiveness of trial and appellate counsel to excuse procedural default. The trial court denied relief pursuant to Michigan Court Rule 6.508(D)(3) finding that Petitioner could not establish prejudice to excuse his procedural default because the underlying claims lacked merit. *People v. McConnell*, Case No. 06-08315-FC (Wayne Co. Cir. Ct. March 2, 2011). Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied "for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. McConnell*, No. 309052 (Mich. Ct. App. Aug. 24, 2012). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied. *People v. McConnell*, 493 Mich. 967, 829 N.W.2d 598 (2013).

Petitioner thereafter filed his federal habeas petition raising the claims he raised on direct appeal and collateral review in the state courts. Respondent has filed an answer to the petition contending that it should be denied because most of the claims are barred by procedural default and all of the claims lack merit. Petitioner has not filed a reply.

**III.    Standard of Review**

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an
        unreasonable application of, clearly established Federal law,
        as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable
        determination of the facts in light of the evidence presented in
        the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.  However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations

omitted); *see also Williams*, 529 U.S. at 409.  "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'"  *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Id*. (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)).  Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.  *Id.* Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id*.; *see also White v. Woodall*, _ U.S. _, 134 S. Ct. 1697, 1702 (2014).  "When reviewing state criminal convictions on collateral review, federal judges are

required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, _ U.S. _, 135 S. Ct. 1372, 1376 (2015).

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal constitutional law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71-72. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require awareness of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.

The requirements of "clearly established law" are to be determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute 'clearly

established Federal law, as determined by the Supreme Court,'" and "[i]t therefore cannot

form the basis for habeas relief under AEDPA." *Parker v. Matthews*, 567 U.S. _, 132 S.

Ct. 2148, 2155 (2012) (per curiam). Lower federal court decisions, however, may be

useful in assessing the reasonableness of the state court's resolution of an issue. *Stewart*

*v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667,

671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal

habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with

clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

Habeas review is "limited to the record that was before the state court." *Cullen v.*

*Pinholster*, 563 U.S. 170, 181 (2011).

## IV.   Analysis

### A.   Direct Appeal Claim - Habeas Claim I

Petitioner first asserts that he is entitled to habeas relief because the trial court

erred in denying his post-sentencing motion to withdraw his plea where trial counsel was

ineffective. He relatedly asserts that the trial court erred in not providing him with an

evidentiary hearing to develop this claim. Respondent contends that this claim lacks

merit. Petitioner raised this claim on direct appeal. The Michigan Court of Appeals

denied leave to appeal for "lack of merit in the grounds presented" and the Michigan Supreme Court denied leave to appeal in a standard order.

The state courts' denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[2]  Petitioner is not entitled to habeas relief on his claim that the trial court erred in denying his plea withdrawal motion.

Petitioner fails to show that his plea was involuntary or that trial counsel was ineffective.  A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea.  *Brady v. United States*, 397 U.S. 742, 755 (1970).  The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it."  *Id*. at 749.  A plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel.  *Id*. at 756.  A plea must also be made "with sufficient awareness of the relevant circumstances and likely consequences."  *Id*. at 748.

The state court record reveals that Petitioner's plea was knowing, intelligent, and voluntary.  Petitioner was 56 years old at the time of his plea and was familiar with the criminal justice system due to prior convictions.  There is no evidence that he suffered

---

[2]The Court would reach the same result under a de novo standard of review.

from any physical or mental problems which would have impaired his ability to understand the criminal proceedings or the nature of his plea. Petitioner was represented by legal counsel and conferred with counsel during the plea process. Petitioner indicated that he was aware of the rights that he would be giving up by pleading no contest. The parties discussed the charges and the plea agreement. Petitioner received benefits, as to charges and sentencing, from his bargain. At the time of his plea, Petitioner indicated that he understood the terms of the plea, including the "special considerations," that he was pleading no contest of his own free will, and that he had not been promised anything else or threatened to induce his plea. He accepted the preliminary examination as the factual basis for his plea.

Petitioner asserts that trial counsel was ineffective for failing to take certain actions (discuss fingerprint and DNA evidence, investigate intoxication defense, seek suppression of evidence) during the pre-plea period and for misadvising him about his plea (requirement that he testify at co-defendants' proceedings, good time credit eligibility). Claims concerning trial counsel's conduct during the pre-plea period are foreclosed by Petitioner's plea. It is well-established that claims about the deprivation of constitutional rights that occur before the entry of a guilty or no contest plea are waived by that plea. *United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The United States Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded
> it in the criminal process. When a criminal defendant has solemnly admitted
> in open court that he is in fact guilty of the offense with which he is
> charged, he may not thereafter raise independent claims relating to the
> deprivation of constitutional rights that occurred prior to the entry of the
> guilty plea. He may only attack the voluntary and intelligent character of
> the guilty plea. . . .

*Tollett*, 411 U.S. at 267. Simply stated, a defendant who pleads guilty or no contest

generally waives any non-jurisdictional claims that arose before his plea. In such a case,

the court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary.

*Broce*, 488 U.S. at 569. Absent a showing that the plea was not knowing, intelligent, or

voluntary, any claims concerning counsel's conduct during the pre-plea period are

foreclosed by the plea.

The Sixth Amendment to the United States Constitution guarantees a criminal

defendant the right to the effective assistance of counsel. The United States Supreme

Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is

challenging a plea on the ground that he or she was denied the Sixth Amendment right to

the effective assistance of counsel. First, the petitioner must establish that "counsel's

representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474

U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To

demonstrate that counsel's performance fell below this standard, a petitioner must

overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Second, if the petitioner satisfies the first prong of this test, he or she must then demonstrate that counsel's performance resulted in prejudice, *i.e.*, "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id*. The Supreme Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id*. at 59-60 (quoting *Strickland*, 466 U.S. at 695).

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is

whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential

standard." *Id*.  Additionally, the Supreme Court has emphasized the extraordinary

deference to be afforded trial counsel in the area of plea bargaining.  *See Premo v. Moore*,

562 U.S. 115, 125 (2011) (stating that "strict adherence to the *Strickland* standard [is] all

the more essential when reviewing the choices an attorney made at the plea bargain

stage"); *see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011) (citing *Premo*).

Petitioner's claim that counsel misadvised him about the plea or its consequences

is unsupported by the record.  Contrary to Petitioner's assertion, he was informed that he

would be required to testify at his co-defendants' proceedings.  The "special

considerations" document, which was made part of his plea agreement, specifically stated

that he was required to fully and truthfully testify at his co-defendants' proceedings or

face prosecution on all charges arising from the crime, as well as charges of perjury and

obstruction of justice.

There is also no indication that counsel advised, or misadvised him, about his

eligibility for good time credits.  Moreover, a criminal defendant must only be advised of

the "direct consequences" of a plea, *Brady*, 397 U.S. at 748, and need not be advised of

the indirect or collateral consequences of a plea.  *King v. Dutton*, 17 F.3d 151, 153 (6th

Cir. 1994); *Brown v. Perini*, 718 F.2d 784, 788-89 (6th Cir. 1983).  The United States

Supreme Court has not ruled on whether eligibility for good time credits is a direct or

indirect consequence of a plea, *see Hernandez v. Grounds*, _ F. App'x _, 2016 WL 145823, *1 (9th Cir. Jan. 11, 2016), but courts within this district have ruled that it is an indirect consequence of a plea. *See Fenner v. Berghuis*, No. 1:03-CV-162, 2006 WL 374171, *8-9 (W.D. Mich. Feb. 17, 2006) (accepting magistrate judge's report ruling that eligibility for halfway house placement, sexual offender treatment, and good time credits are indirect or collateral consequences of plea); *see also Whitley v. Lecureux*, 811 F.2d 608, 1986 WL 18487, *2 (6 th Cir. Dec. 29, 1986) (failure to inform petitioner about ineligibility for good time credits did not affect the voluntary nature of his plea where he was informed of minimum and maximum sentences).  The Supreme Court has also not addressed whether "there may be circumstances under which advice about a matter deemed collateral violates the Sixth Amendment." *Hernadez, supra* (citing *Chaidez v. United States*, _ U.S. _, 133 S. Ct. 1103, 1108 (2013)).  In the absence of such authority or facts to support his assertion, Petitioner fails to establish that counsel was ineffective and/or that his eligibility for good time credits affected the voluntariness of his plea.

Furthermore, the record reveals that trial counsel obtained a very favorable plea and sentencing agreement, which included the dismissal of a first-degree murder charge, the dismissal of a sentencing enhancement, and a sentence below the statutory maximum, for a crime spree that included the shooting death of an off-duty police officer.  The record also indicates that Petitioner did not have a good defense to the charges given the

trial court's ruling that his inculpatory police statements and sketches were admissible

and that his only defense appears to be that he was intoxicated on the day of the crime.

Petitioner neither alleges nor establishes that there is a reasonable probability that, but for

trial counsel's alleged errors, he would not have pleaded no contest and would have

insisted on going to trial. Petitioner fails to demonstrate that counsel erred and/or that he

was prejudiced by counsel's conduct. Habeas relief is not warranted on this claim.

### B.    Collateral Review Claims - Habeas Claims II-VIII

Petitioner also raises additional claims concerning the trial court's involvement in

plea discussions, a breakdown in the attorney-client relationship with a lack of trial court

inquiry, involuntary and illusory plea, the effectiveness of trial counsel prior to the plea

(failure to seek suppression of identification, failure to seek suppression of confession

based upon warrantless arrest, and failure to request a witness identification expert), and

the effectiveness of trial and appellate counsel as cause for procedural default in his

pleadings. Respondent contends that these claims are procedural defaulted and/or lack

merit. Petitioner first raised these issues in the state courts on collateral review and the

state courts denied relief pursuant to Michigan Court Rule 6.508(D).

Federal habeas relief is precluded on claims which have not been presented to the

state courts in accordance with the state's procedural rules. *Wainwright v. Sykes*, 433 U.S.

72, 85-87 (1977). The doctrine of procedural default is applicable when a petitioner fails

to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006); *see also Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Coleman v. Mitchell*, 244 F.3d 533, 539 (6th Cir. 2001). The last explained state court judgment should be used to make this determination. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991). If the last state judgment is a silent or unexplained denial, it is presumed that the last reviewing court relied upon the last reasoned opinion. *Id.*

On collateral review, the Michigan Supreme Court denied relief pursuant to Michigan Court Rule 6.508(D), which provides, in part, that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. *See* MICH. CT. R. 6.508(D)(3). The United States Court of Appeals for the Sixth Circuit has held that the form order used by the Michigan Supreme Court to deny leave to appeal in this case is unexplained because its citation to Michigan Court Rule 6.508(D) is ambiguous as to whether it refers to a procedural default or a rejection on the merits. *Guilmette v. Howes*, 624 F.3d 286, 291-92 (6th Cir. 2010) (en banc). Consequently, under *Guilmette*, the Court must "look through" the Michigan Supreme Court's unexplained order to the state trial court's decision to determine the basis for the denial of state post-conviction relief.

In this case, the state trial court denied relief on procedural grounds by ruling that Petitioner had not shown prejudice to establish cause and prejudice under Michigan Court Rule 6.508(D)(3) for his failure to raise the claims on direct appeal, and determined that the claims lacked merit. The state courts thus clearly relied upon a procedural default to deny relief on these claims. Accordingly, the claims are procedurally defaulted.

A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996).

Petitioner asserts ineffective assistance of appellate counsel as cause to excuse his default. In order to establish ineffective assistance of counsel, the petitioner must show "that counsel's performance was deficient . . . [and] that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687; *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). In determining whether counsel's performance was deficient,

> [t]he court must ... determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance .... At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland,* 466 U.S. at 690.  Judicial scrutiny of counsel's performance is thus "highly deferential." *Id*. at 689.  The defense is prejudiced only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983).  The United States Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the … goal of vigorous and effective advocacy ….  Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id*. at 754.  Strategic and tactical choices about which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990).  In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Barnes*, 463 U.S. at 751-52).  "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002).  Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner,"

defined as an issue which was obvious from the trial record and would have resulted in reversal on appeal. *Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner fails to show that by omitting the claims presented in his motion for relief from judgment, appellate counsel's performance fell outside the wide range of professionally competent assistance. None of the defaulted claims are "dead-bang winners" as evidenced by the state trial court's ruling, in discussing prejudice, that the claims raised in the motion for relief from judgment lacked merit. Moreover, even if it could be said that appellate counsel erred, Petitioner cannot establish that he was prejudiced by counsel's conduct (or demonstrate prejudice to excuse the procedural default) because the defaulted claims lack merit for the reasons stated the state trial court in denying the motion for relief from judgment, *see People v. McConnell*, No. 06-08315-FC (Wayne Co. Cir. Ct. March 2, 2011), and as further discussed by Respondent. *See* Resp. Answer, pp. 41-56.[3]

Lastly, Petitioner fails to demonstrate that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Murray v.*

---

[3]Simply put, Petitioner's claims that the trial court improperly participated in plea discussions or coerced his plea, that there was a breakdown in the attorney-client relationship, or that his plea was involuntary or illusory are belied by the plea and sentencing hearing transcripts. Petitioner's claims regarding trial counsel's pre-plea conduct are waived by his no contest plea. Petitioner's claim that appellate counsel was ineffective fails given that the underlying claims lack merit.

*Carrier*, 477 U.S. 478, 479-80 (1986).  To be credible, such a claim of actual innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial.  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Actual innocence means factual innocence, not mere legal insufficiency.  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  Petitioner makes no such showing.  To be sure, he did not contest his involvement in the crime in pleading no contest.  His collateral review claims are thus barred by procedural default and lack merit.  The ineffective assistance of appellate counsel claim, while not itself procedurally defaulted, nonetheless lacks merit given that the underlying claims lack merit.  Habeas relief is not warranted.

## V.    Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on his claims.  Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable

or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  When a court denies relief

on procedural grounds, a certificate of appealability should issue if it is shown that jurists

of reason would find it debatable whether the petitioner states a valid claim of the denial

of a constitutional right and that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling.  *Id.*

Having considered the matter, the Court concludes that Petitioner fails to make a

substantial showing of the denial of a constitutional right as to his habeas claims and that

reasonable jurists could not debate the correctness of the Court's procedural ruling.

Accordingly, the Court **DENIES** a certificate of appealability.  The Court also **DENIES**

leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith.

*See* Fed. R. App. P. 24(a).  This case is closed.

      **IT IS SO ORDERED**.


      S/Arthur J. Tarnow
      ARTHUR J. TARNOW
      SENIOR UNITED STATES DISTRICT JUDGE

Dated: March 22, 2016